FILED
United States Court of Appeals
Tenth Circuit

April 27, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARCOS MORENO-MONTANO,

      Petioner - Appellant,

v.

GREG JACQUERT; CLARK LOW;
STATE OF UTAH,

      Respondents - Appellees.

No. 09-4067
(D. Utah)
(D.C. No. 2:06-CV-00373-DAK)

**ORDER DENYING LEAVE TO PROCEED
ON APPEAL *IN FORMA PAUPERIS*,
DENYING CERTIFICATE OF APPEALABILITY,
AND DISMISSING APPEAL**

Before **HARTZ**, **McKAY**, and **O'BRIEN**, Circuit Judges.

Marcos Moreno-Montano, a Utah state prisoner appearing pro se,[1] seeks to appeal from the denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus. Moreno-Montano has not "made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). We deny him a certificate of appealability (COA) and also deny his motion to proceed on appeal in forma pauperis (ifp).

---

[1] We liberally construe Montano's pro se filings. *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

**I.**

In April 2001, Moreno-Montano was convicted of rape of a child (Count 1) and attempted sexual abuse of a child (Count 2). He was sentenced to ten years to life imprisonment on Count 1 and three years to life imprisonment on Count 2. The Utah Court of Appeals affirmed his conviction but remanded to the district court for clarification as to whether his sentence was to run concurrently or consecutively.[2] *State v. Moreno-Montano*, No. 20010500-CA, 2002 WL 966249 (Utah App. May 9, 2002) (unpublished). The Utah Supreme Court denied review on September 17, 2002. *See State v. Moreno-Montano*, 59 P.3d 603 (Utah 2002) (unpublished). While his direct appeal was pending, Moreno-Montano filed a petition for post-conviction relief in the state district court, which was dismissed as premature.

On January 28, 2003, Moreno-Montano filed a § 2254 petition in the federal district court. The court dismissed his petition for failure to exhaust his state remedies noting, "[Moreno-Montano has] limited time remaining, according to state and federal

---

[2] The Utah Court of Appeals stated:

Although Defendant states in his brief that he was sentenced to consecutive prison terms, the State points out that while the judgment reflects consecutive sentences, the transcript from the sentencing hearing and the pre-sentence investigation report both indicate concurrent sentences were intended. The State concedes that, in the event of an affirmance, "the case should be remanded to the trial court for clarification of the discrepancy." Although the default position is that sentences run concurrently, trial courts retain the discretion to impose consecutive sentences in appropriate circumstances. *See* Utah Code Ann. § 76-3-401(1) (1999). Therefore, we remand to the trial court for resolution of the sentencing issue; we otherwise affirm.

2002 WL 966249 at *1.

statutes of limitation, to return to state court to file a habeas petition, then, upon a state court decision, to revisit his claims in [the federal district c]ourt." *Moreno-Montano v. Jacquert*, No. 2:06-CV-373-DAK, 2009 WL 890593, *1 n. 5 (D. Utah Apr. 1, 2009) (quoting *Moreno-Montano v. Jacquert*, No. 2:03-CV-106-DAK n. 3 (D. Utah Aug. 25, 2003).

Despite this warning, Moreno-Montano did not file his motion for post-conviction relief with the Utah courts until June 22, 2005 – almost two years later. After unsuccessfully proceeding through the state courts, he filed another federal habeas corpus application on June 7, 2006. The court concluded he failed to file within the one-year period of limitations imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA) and dismissed his petition as untimely. Because his first request for post-conviction relief was filed while his direct appeal was pending and his second was not filed until the AEDPA's limitation period had already run, Moreno-Montano was not entitled to statutory tolling. The court also found his petition "hints at no circumstances whatsoever that excuse his late filing" and, therefore, equitable tolling would not apply. *Moreno-Montano*, 2009 WL 890593 at *1. Accordingly, the district court dismissed his action. Moreno-Montano appealed, arguing the district court abused its discretion because it did not properly toll the AEDPA period of limitations or apply equitable tolling.

**II.**

A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). We will issue a COA

- 3 -

"only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Moreno-Montano did not seek a COA from the district court. Rather, he filed an application for a COA and a motion to proceed ifp on appeal in this court.

The district court's procedural dismissal means Moreno-Montano must demonstrate both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

A.    Calculation of Time Under AEDPA

AEDPA states:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

28 U.S.C. § 2244(d)(1). It tolls the limitations period while post conviction claims are pending in state courts: "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Moreno-Montano's post-conviction petition was filed more than

one year after judgment became final.  He does not argue otherwise, but instead claims the limitations period should not apply because he ultimately did as he was told by the district court when he filed his 2005 state post-conviction motion.  But, as the district court correctly noted, "a state court petition . . . that is filed following the expiration of the federal limitations period cannot toll that period because there is no period remaining to be tolled."  *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (quotations omitted); *see also Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001).

B.      Equitable Tolling

We review a district court's decision to deny equitable tolling for an abuse of discretion.  *Fleming v. Evans*, 481 F.3d 1249, 1254 (10th Cir. 2007).  Equitable tolling applies only in "rare and exceptional circumstances."  *Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007) (quotations omitted).  "Generally, equitable tolling requires a litigant to establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quotations omitted).  A petitioner has the burden of establishing that equitable tolling should apply.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Moreno-Montano contends "newly discovered evidence [of altered documents by the State] will give [him] a toll time."  (App. for COA at 2.)  It is unclear what the newly discovered evidence might be.  He claims there was an illegal alteration of his sentence arising from the trial court's clarification of the concurrent/consecutive problem after remand on direct appeal (see footnote 2, *ante*), but, he supplies no information.  The

State's brief to the district court refers to a reimposition of sentence occurring on July 12, 2002, at which time the original judgment was corrected to impose concurrent sentences. **[R. Vol. I at 94 n.2 & 128.]** In any event, Moreno-Montano has identified no violation of his federal rights and we cannot fathom how modifying his sentences to run concurrently rather than consecutively is detrimental to his rights or interests. He also claims, for the first time, he is actually "innocente an [*sic*] frame[d] by the State" as evidenced by these altered documents. (App. for COA at 2-3.) His argument is basically incomprehensible and unsupported by any record facts. Moreover, it was not presented to the district court. And he makes other dubious merits arguments. Besides being somewhat incoherent, his arguments, individually or collectively, afford him no possibility of equitable tolling and we will consider them for no other purpose as his habeas petition was not timely filed.

C.      Motion to Proceed In Forma Pauperis

Moreno-Montano filed a motion to proceed ifp on appeal with the district court. It denied his motion finding "no good faith basis for [his] challenge to the court's Memorandum Decision and Order." (Order, May 29, 2009.) He renews his motion here. To proceed ifp on appeal, Moreno-Montano must "show a financial inability to pay the required filing fees *and* the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (emphasis added). Because Moreno-Montano's arguments are all frivolous, we deny his request to proceed ifp. He is directed to remit the full amount of the filing fee within twenty days. *See Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th

Cir. 2001) (dismissal of an appeal does not relieve appellant of the obligation to pay the appellate filing fee in full).

We DENY Moreno-Montano's request for a COA and his motion to proceed ifp. This matter is DISMISSED.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge